# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WARREN and STEPHANI JUSTICE,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>Defendants. | 2:12-CV-372 JCM (VCF) |

## ORDER

Presently before the court is pro se plaintiffs Warren and Stephani Justice's motion for a temporary restraining order. (Doc. #1-A). Defendant Federal National Mortgage Association has filed an opposition. (Doc. #14). Plaintiffs have not replied.

Also before the court is defendant's motion to dismiss. (Doc. #8). Plaintiffs have not responded.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has held that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,

**James C. Mahan**
**U.S. District Judge**

1  129 S. Ct. 365, 374–76 (2008).

2  In reviewing the plaintiffs' motion for a temporary restraining order, this court notes that
3  plaintiffs have included no argument or citation to why plaintiffs are likely to succeed on the merits.
4  Plaintiffs' motion simply states that they "have more than a reasonable likelihood of success on the
5  merits of one ore [sic] more of their causes of action in their [c]omplaint." TRO at p. 10.

6  Though this court sympathizes with plaintiff's plight, they have failed to meet the standard
7  for the extraordinary remedy a temporary restraining order represents. This court does not find that
8  it is likely for plaintiffs to succeed in their wrongful foreclosure cause of action because plaintiffs
9  have delayed in instituting the suit.

10  Nevada law provides a 90-day period after a foreclosure sale in which a plaintiff may
11  challenge the validity of the sale. NRS 107.080(5)(b). If the plaintiff lacked notice of the sale, then
12  he or she may institute an action to set the sale aside within 120-days of receiving actual notice.
13  NRS § 107.080(6).

14  Here, plaintiffs learned of the sale by at least January 2010, when they filed a bankruptcy
15  petition seeking to stay the eviction. The lawsuit, however, was not filed until February 2012.
16  Accordingly, over two years have passed since plaintiffs learned of the sale and the claim is barred
17  pursuant to the time restrictions of NRS § 107.080.

18  Accordingly,

19  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a
20  temporary restraining order (doc. #1-A) be, and the same hereby is, DENIED.

21  IT IS FURTHER ORDERED, that defendant's motion to dismiss (doc. #8) be, and the same
22  hereby is, GRANTED.

23  DATED May 3, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -